UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:22-cv-425-SDM-AEP
     8:18-cr-572-SDM-AEP

GEDDES WILLIS
_____/

## ORDER

Willis's amended motion under 28 U.S.C. § 2255 (Doc. 3) to vacate challenges the validity of his conviction for possession with both the intent to distribute and the distribution of heroin, for which he is imprisoned for ninety months in accord with the plea agreement. Willis filed no appeal.

The United States moves (Doc. 8) to dismiss the motion to vacate as untimely. The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1).

Willis's judgment (Doc. 575) was entered on January 6, 2021, and became final fourteen days later when the time to appeal expired on January 20, 2021. As a consequence, Willis's one-year deadline was January 20, 2022. Willis's initial motion to vacate (Doc. 1) is dated February 18, 2022, which is nearly a month late.

Willis erroneously asserts entitlement to equitable tolling because his "attorney did not file a notice of appeal as instructed[, which] would toll the time for filing his § 2255 Motion." (Doc. 11 at 2–3)  The failure to appeal is not an "extraordinary circumstance" that was both beyond his control and unavoidable even with diligence.[*]  And to the extent that Willis's new assertion — asserted for the first time in his reply — could qualify as a new claim, the claim is untimely by six months more than the claims in the initial motion to vacate.

The motion to dismiss (Doc. 8) is **GRANTED**.  The amended motion (Doc. 3) to vacate is **DISMISSED AS TIME-BARRED**.  The clerk must (1) enter a judgment against Willis in the civil case and **CLOSE** the civil case and (2) enter a copy of this order in the criminal case and deny the motions to vacate (Docs. 609 and 610) that pend in the criminal case.  Geddes's inquiries (Docs. 14 and 15) about the status of this action are **DENIED AS MOOT**.

### DENIAL OF BOTH
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL IN FORMA PAUPERIS

Willis is not entitled to a certificate of appealability ("COA").  A prisoner moving under Section 2255 has no entitlement to appeal a district court's denial of

---

[*] Willis bears the burden of proving entitlement to equitable tolling. *Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Negligence is not a proper basis for equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) ("[C]ounsel's mistake in miscalculating the limitations period . . . is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.").

his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Willis must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Willis is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Willis must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on August 30, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE